1  ROGERS JOSEPH O'DONNELL
   Dennis C. Huie (State Bar No. 184377)
2  dhuie@rjo.com
   Emily A. Wieser (State Bar No. 311315)
3  ewieser@rjo.com
   311 California Street, 10th Floor
4  San Francisco, California 94104
   Telephone:  415.956.2828
5  Facsimile:  415.956.6457

6  Attorneys for Defendants
   SWEDEN & MARTINA INC.
7  and MICHAEL KENNEDY

8

9                UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12 BETH ANN HUTCHISON, an individual,    Case No.  **'18 CV 0880 L    MDD**

13              Plaintiff,               [Removed from San Diego County Superior
                                         Court, Case No. 37-2017-00045425-CU-OE-
14    vs.                                CTL]

15 SWEDEN & MARTINA, INC., an
   unknown business entity; MICHAEL      **APPENDIX OF STATE COURT
16 KENNEDY, an individual, and DOES 1    PLEADINGS AND DOCUMENTS IN
   through 25, inclusive,                SUPPORT OF DEFENDANT MICHAEL
17                                        KENNEDY'S NOTICE OF REMOVAL
                Defendants.              TO FEDERAL COURT (FEDERAL
18                                        QUESTION JURISDICTION AND
                                         DIVERSITY JURISDICTION)**
19
                                         **[28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446]**
20

21

22 TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF CALIFORNIA
23

24         Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of

25 all state court processes and pleadings served upon Defendant MICHAEL KENNEDY, in the

26 above-entitled action, including:

27         • Exhibit A:  Complaint

28 ///

                                                                          Page 1

Appendix of State Court Pleadings In Support of Defendant's Notice of Removal to U.S. District Court for the
Southern District of California

455394.1

Defendant also attaches the following relevant documents:

- Exhibit B: SWEDEN & MARTINA, INC.'S Answer
- Exhibit C: MICHAEL KENNEDY'S Acknowledgement of Receipt
- Exhibit D: MICHAEL KENNEDY'S Answer

Dated: May 7, 2018                    ROGERS JOSEPH O'DONNELL


By: _____
        DENNIS C. HUIE
        EMILY A. WIESER
        Attorneys for Defendants
        SWEDEN & MARTINA INC. and MICHAEL
        KENNEDY

Appendix of State Court Pleadings In Support of Defendant's Notice of Removal to U.S. District Court for the Southern District of California

455394.1

**EXHIBIT A**

Josh D. Gruenberg, Esq. SB # 163281
Colette N. Menaldino, Esq. SB # 304745
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
**BETH ANN HUTCHISON**

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2017 NOV 28 P 3: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| BETH ANN HUTCHISON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SWEDEN & MARTINA, INC., an unknown business entity; MICHAEL KENNEDY, an individual; and DOES 1 through 25, Inclusive,<br><br>    Defendants. | Case No. 37-2017-00045425-CU-OE-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1.  SEXUAL HARASSMENT [42 U.S.C. §§ 2000e, *et seq.*];<br>2.  SEXUAL HARASSMENT [Cal. Gov't Code § 12940(j)(1)];<br>3.  FAILURE TO PREVENT HARASSMENT [Cal. Gov't Code § 12940(k)];<br>4.  GENDER DISCRIMINATION [Cal. Gov't Code § 12940(a)];<br>5.  FAILURE TO PREVENT DISCRIMINATION [Cal. Gov't Code § 1290(k)];<br>6.  NEGLIGENT SUPERVISION;<br>7.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. |

**[JURY TRIAL DEMANDED]**

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  Plaintiff, ELIZABETH HUTCHISON, (hereinafter "Plaintiff" or "HUTCHISON") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendant, SWEDEN &

1   MARTINA, INC. (hereinafter "SWEDEN & MARTINA" or "Defendant"), is an

2   unknown business entity doing business in the State of California, County of San Diego.

3   3.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

4   MICHAEL KENNEDY, (hereinafter "KENNEDY" or collectively "Defendants"), an

5   individual, was employed by SWEDEN & MARTINA as a Trainer/Technical Advisor

6   and as Plaintiff's supervisor during her training in Italy. KENNEDY therefore acts as the

7   agent of SWEDEN & MARTINA, and as such, SWEDEN & MARTINA is liable for the

8   acts of KENNEDY under the theory of respondeat superior.

9   4.   Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as

10  DOES 1 through 25 and therefore sues these defendants by such fictitious names.

11  Plaintiff will amend this Complaint to allege the true names and capacities when they are

12  ascertained.

13  5.   Plaintiff is informed and believes and thereon alleges that each fictitiously named

14  Defendant is responsible in some manner for the occurrences herein alleged, and

15  Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally

16  caused by Defendant.

17  6.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are

18  somehow responsible for the acts alleged herein as the agents, employers, representatives

19  or employees of other named Defendant, and in doing the acts herein alleged were acting

20  within the scope of their agency, employment or representative capacity of said named

21  Defendant.

22  7.   The tortious acts and omissions alleged herein were performed by management level

23  employees of Defendant. Defendant allowed and/or condoned a continuing pattern of

24  discriminatory practices.

25  8.   Plaintiff has filed a charge against SWEDEN & MARTINA with the U.S. Equal

26  Employment Opportunity Commission ("EEOC"), under Title VII, sex-based

27  harassment. On ____, Plaintiff received her EEOC "Right-to-Sue" Notice. Plaintiff has

28  90 days to file her lawsuit. (True copies of Plaintiff's EEOC "Right-to-Sue" Notice are

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1  attached as **Exhibit A** hereto, and are incorporated herein by this reference as though

2  fully set forth.

3  9.   Plaintiff has exhausted all administrative remedies and has timely brought this action.

4  10.  Plaintiff also received a "Right-to-Sue" Notice from the Department of Fair Employment

5  and Housing ("DFEH"). This "Right-to-Sue" Notice was tolled while the EEOC

6  investigated the charge. Plaintiff has exhausted all administrative remedies and has timely

7  brought this action. (True copies of Plaintiff's DFEH "Right-to-Sue" Notice are attached

8  as **Exhibit B** hereto, and are incorporated herein by this reference as though fully set

9  forth.

10  ## SPECIFIC FACTUAL ALLEGATIONS

11  11.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

12  the preceding paragraphs as though fully set forth herein.

13  12.  Plaintiff began her employment with SWEDEN & MARTINA in or around February

14  2017. Defendant hired Plaintiff as a Dental Implant Sales Representative – California –

15  San Diego and North County, with a starting annual base salary of approximately

16  $50,000. In addition to her base salary, Plaintiff earned commissions/bonuses related to

17  direct sales or sales of official promotion packages.

18  13.  In her position as Sales Representative, Plaintiff would be responsible for the exclusive

19  sales of products offered for sale by SWEDEN & MARTINA. Plaintiff's duties would

20  include travel/overnight stays, attendance at trade shows, study clubs, and state/district

21  events, both US and Italy based, among others.

22  14.  Upon hire, Plaintiff was required to attend a product training in Italy, which was

23  scheduled for ten (10) days.

24  15.  Prior to attending the training, on or about February 28, 2017, KENNEDY,

25  Trainer/Technical Advisor for SWEDEN & MARTINA in the United States, introduced

26  himself to Plaintiff, and others, via email as the trainer who would be conducting the

27  training in Italy.

28  16.  On or about March 7, 2017, Plaintiff arrived in Venice, Italy to participate in the required

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    training.

2    17.    The next day, on or about March 8, 2017, Plaintiff participated in a full day of training at

3    the headquarters of SWEDEN & MARTINA. Plaintiff met Kerri Chagnon ("Chagnon")

4    and Jessica Kell ("Kell") during the training. Chagnon and Kell, both females, were the

5    only other new sales representatives that were participating in the training conducted by

6    KENNEDY. During the drive back to Plaintiff's hotel from the training, KENNEDY

7    informed Plaintiff, Chagnon and Kell, that we were to attend a mandatory dinner at 7:30

8    p.m. that evening.

9    18.    That evening Plaintiff, Chagnon, Kell, and KENNEDY arrived to dinner and sat down.

10    Shortly thereafter, a waiter arrived and gave small flower bouquets to Plaintiff and her

11    two female co-workers, Chagnon and Kell.

12    19.    Plaintiff, Chagnon and Kell discussed whether the waiter's gesture was customary in

13    Italy. KENNEDY, abruptly interrupted the conversation and stated "It's Women's Day

14    and that's why you were given flowers. I did not get them because I have a penis".

15    KENNEDY broke into laughter. Plaintiff immediately felt disgusted and uncomfortable.

16    On Plaintiff's information and belief, Chagnon and Kell also felt uncomfortable.

17    20.    After an uncomfortable and awkward pause, Plaintiff, Chagnon and Kell continued to

18    speak and discussed why there were flowers left on their pillows at the hotel. Again,

19    KENNEDY blurted out, "Ya, again, I didn't get any flowers on my bed because I have a

20    big cock". KENNEDY again immediately broke into laughter.

21    21.    On or about March 9, 2017, Chagnon and Kell informed Plaintiff that KENNEDY had

22    referred to his penis multiple times on March 7, 2017, the day that Plaintiff was still

23    traveling to Italy.

24    22.    On or about March 9, 2017, KENNEDY drove Plaintiff, Chagnon and Kell to the market

25    after class and before another mandatory work dinner, to pick up items that Plaintiff and

26    the other attendees may want for their hotel rooms. Plaintiff ran into KENNEDY in an

27    aisle in the market as he was choosing toilet paper. Plaintiff felt awkward having been

28    seen by KENNEDY while he was choosing toilet paper, so Plaintiff stated, "do you know

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1  something I should know about the toilet paper at our hotel?" KENNEDY responded, "I

2  am really particular about what touches my asshole." Plaintiff felt disgusted and

3  uncomfortable by his comment.

4  23.  Throughout the training, KENNEDY consistently used profanity, including "shit",

5  "asshole", "mother fucker", "fuck" and "fucking", in speaking to Plaintiff, Chagnon and

6  Kell.

7  24.  During another mandatory dinner on or about March 9, 2017, KENNEDY told Plaintiff,

8  Chagnon and Kell why they would each fail the training and be sent home. KENNEDY

9  told Chagnon, "You're going to fail because you laugh too much, don't have the correct

10  answers and clearly have anxiety issues," or words to that effect. KENNEDY told Kell,

11  "You have zero dental knowledge and will probably fail based on that," or words to that

12  effect. KENNEDY told Plaintiff, "Beth, there is no way you will pass. You have a burn

13  blister on your index finger, can't hold a drill and are too much a baby to lacerate it," or

14  words to that effect.

15  25.  At one point, when KENNEDY was presenting using PowerPoint slides, Plaintiff asked

16  KENNEDY to return to a slide she could take a note. In response, KENNEDY rolled his

17  eyes at Plaintiff.

18  26.  On or about March 10, 2017, during a training session, KENNEDY informed Plaintiff,

19  Chagnon and Kell, that after training was completed, their continued employment would

20  be dependent upon completing KENNEDY's monthly training for the duration of their

21  employment. KENNEDY stated, "If you don't pass my training sessions, your asses are

22  fired," or words to that effect. Plaintiff had never been informed that her continued

23  employment was dependent upon such monthly training tests.

24  27.  Prior to attending the training in Italy, Plaintiff had met with Terese Phan ("Phan"),

25  Regional Manager. Phan informed Plaintiff that when she goes to Italy, the hardest part

26  about the training is that it will be with KENNEDY and that it is "rough," or words to

27  that effect. Phan informed Plaintiff she could not stand KENNEDY.

28  28.  On March 10, 2017, SWEDEN & MARTINA constructively terminated Plaintiff's

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

employment. Plaintiff informed Defendant of its intolerable working conditions which caused her to be forced to resign, explaining "[t]his environment has been hostile, wildly inappropriate, threatened, fear based and unsupportive."

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT v. Defendant SWEDEN & MARTINA

**[Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, et seq.]**

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30. Plaintiff was subject to unwanted harassing conduct on the basis of her sex, as set forth herein.

31. The aforesaid sexually harassing and offensive conduct of KENNEDY was severe, pervasive and regular.

32. The harassing conduct was severe, pervasive and regular.

33. The aforesaid sexually harassing and offensive conduct of Defendants would detrimentally affect a reasonable person of the same sex as Plaintiff (i.e. female) in that same position.

34. At all times relevant and material hereto, the perpetrators of the aforesaid conduct were employees, agents, officials, or supervisors of Defendant SWEDEN & MARTINA, giving rise to liability by Defendant SWEDEN & MARTINA under the doctrine of *respondeat superior* for the aforesaid acts and/or failure to act.

35. The aforesaid conduct in question, including the sexually harassing and offensive conduct created a hostile and offensive work environment for Plaintiff.

36. The aforesaid hostile and offensive work environment to which Plaintiff was subjected as a result of the aforesaid acts and failures to act prevented her from effectively carrying out her job duties and responsibilities for Defendant.

37. Defendant SWEDEN & MARTINA knew or had reason to know of the aforesaid conduct of KENNEDY toward and in the presence of Plaintiff, but failed to take action sufficient

1    to stop this offensive conduct.

2    38.    The aforesaid acts and failure to act to the aforesaid conduct constitute hostile work

3    environment sexual harassment.

4    39.    As a result of being subjected to the aforesaid conduct, Plaintiff was harassed and

5    discriminated against because of her gender.

6    40.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has

7    sustained and continues to sustain substantial losses in earnings, employment benefits,

8    employment opportunities, and Plaintiff has suffered other economic losses in an amount

9    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

10    41.    As a further direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff

11    has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

12    and mental and physical pain and anguish, all to her damage in a sum to be established

13    according to proof.

14    42.    As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is entitled

15    to recover punitive and exemplary damages in an amount commensurate with

16    Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible

17    conduct.

18    43.    In addition to such other damages as may properly be recovered herein, Plaintiff is to be

19    awarded the costs and expenses of this action and reasonable legal fees as provided by

20    applicable federal and state law.

21    **SECOND CAUSE OF ACTION**

22    **SEXUAL HARASSMENT v. All Defendants**

23    **[Cal. Gov't Code § 12940(j)(1)]**

24    44.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

25    the preceding paragraphs as though fully set forth herein.

26    45.    At all times mentioned herein, California Government Code section 12940 et seq. was in

27    full force and effect and was binding on Defendant. This section requires Defendant, as

28    an employer, to refrain from sexually harassing any employee.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

46. Plaintiff was subject to unwanted harassing conduct on the basis of her sex, as set forth herein. The harassing conduct was severe and pervasive. Such actions are unlawful, harassing, and in violation of Cal. Gov't Code §12940 et seq., and have resulted in damage and injury to Plaintiff, as alleged herein.

47. A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive, and Plaintiff did in fact consider the work environment to be hostile or abusive.

48. Plaintiff's supervisor knew or should have known of this conduct and failed to take immediate and appropriate corrective action, as stated herein.

49. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

50. As a further direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

51. As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

52. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

///
///
///
///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

# THIRD CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT v. Defendant SWEDEN & MARTINA

### [Cal. Gov't Code §12940(k)]

53. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

54. At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section provides that it is unlawful for Defendant, as employers to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

55. Plaintiff was subject to unwanted harassing conduct on the basis of her sex, as set forth herein.

56. Defendant failed to take reasonable steps to prevent the harassment as described herein.

57. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

58. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

59. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

60. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

///

## FOURTH CAUSE OF ACTION

### GENDER DISCRIMINATION v. Defendant SWEDEN & MARTINA

### [Cal. Gov't Code §12940(a)]

61. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

62. At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section requires Defendant, as an employer, to discriminate against an employee on the basis of gender.

63. Plaintiff performed work for Defendant, as an employee, as stated herein.

64. In taking adverse actions, including constructive termination and sexual harassment, against Plaintiff as alleged herein, Defendant has violated this statute.

65. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

66. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

67. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

68. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

///

///

# FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION v. Defendant SWEDEN & MARTINA

### [Cal. Gov't Code §12940(k)]

69. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

70. At all times mentioned herein, California Government Code section 12940 et seq. was in full force and effect and was binding on Defendant. This section provides that it is unlawful for Defendant, as employers to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

71. Plaintiff was subject to unwanted harassing conduct on the basis of her sex, as set forth herein.

72. Defendant failed to take reasonable steps to prevent the discrimination as described herein.

73. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

74. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

75. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

76. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code section 12965.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

## SIXTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION v. Defendant SWEDEN & MARTINA

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

78. Plaintiff performed worked for Defendant, as an employee, as stated herein.

79. Plaintiff was subject to sexual harassment and discrimination based on her sex by Defendant SWEDEN & MARTINA's employees.

80. Defendant SWEDEN & MARTINA knew or should have known that this conduct was unlawful. Furthermore, as stated above, Defendant SWEDEN & MARTINA knew of this unlawful conduct.

81. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

82. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

## SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. All Defendants

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

84. Defendants' intentional conduct, as set forth herein, was extreme and outrageous.

85. Defendants, and each of them, intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff suffered extreme emotional distress.

86. As a further direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff's damage in an amount

according to proof at trial.

**WHEREFORE**, Plaintiff prays for the following relief:

1.     For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;

2.     For special damages in an amount according to proof;

3.     For mental and emotional distress damages;

4.     For back pay, front pay and other monetary relief;

5.     For punitive damages in an amount necessary to make an example of and to punish defendants, and to deter future similar misconduct;

6.     For costs of suit, including attorney's fees as permitted by law, including those available pursuant to Government Code section 12965(b);

7.     For an award if interest, including prejudgment interest, at the legal rate as permitted by law;

8.     Injunctive relief;

9.     For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFF BETH ANN HUTCHISON** demands a jury trial on all issues in this case.

DATED: November 27, 2017         **GRUENBERG LAW**

JOSH D. GRUENBERG, ESQ.
COLETTE N. MENALDINO, ESQ.
Attorneys for Plaintiff,
**BETH ANN HUTCHISON**

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

# EXHIBIT A

(1)    PLAINTIFF'S RIGHT TO SUE LETTERS FROM THE EEOC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Beth Hutchinson
P.O. Box 1294
Solana Beach, CA 92075

From: San Diego Local Office
555 W. Beech Street
Suite 504
San Diego, CA 92101

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 488-2018-00092 | Garrett D. Hoover,<br>Supervisor | (619) 557-7288 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Christopher S. Green,
Local Office Director

11/7/17
*(Date Mailed)*

Enclosures(s)

cc: Alberto Martina
CEO
SWEDEN & MARTINA INC.
600 Anton Blvd, Ste 1134
Costa Mesa, CA 92626

Colette Manaldino
GRUENBERG LAW
2155 First Ave
San Diego, CA 92101

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your **review request <u>within 6 months</u>** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**EXHIBIT B**

(1)     PLAINTIFF'S RIGHT TO SUE LETTERS FROM THE DFEH.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101



State of California
Business, Consumer Services, and Housing Agency
Department of Fair Employment and Housing
Enforcement Division
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
www.dfeh.ca.gov

UNITED STATES POSTAGE
02 1M
000 4292140
$ 00.67⁰
OCT 19 2017
MAILED FROM ZIP CODE 95758
PITNEY BOWES



Personal and Confidential: To be Opened by Addressee or Designee Only

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

September 05, 2017

Beth Hutchison
2155 First Avenue
San Diego, CA 92101

RE:     Notice of Case Closure and Right to Sue
        DFEH Matter Number: 964499-317990
        Right to Sue: Hutchison / Sweden and Martina, Inc.

Dear Beth Hutchison:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 05, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Sweden and Martina, Inc.
    Michael Kennedy

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 05, 2017

RE  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 964499-317990
Right to Sue: Hutchison  /  Sweden and Martina, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962.  A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

· September 05, 2017

Colette Menaldino
2155 First Avenue
San Diego CA 92101

RE: **Notice to Complainant's Attorney**
  DFEH Matter Number: 964499-317990
  Right to Sue: Hutchison / Sweden and Martina, Inc.

Dear Attorney:

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your client's Notice of Case Closure and Right to Sue. **Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. A courtesy "Notice of Filing of Discrimination Complaint"** is attached for your convenience.

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the Department of Fair Employment and Housing does not review or edit this complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

COMPLAINT OF DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

## RIGHT-TO-SUE

Your submission of this document acknowledges that you
have read and agree to the DFEH's Privacy Policy

**DFEH CASE NUMBER:**
**964499-317990**

COMPLAINANT:
NAME:
Beth Hutchison

TELEPHONE NUMBER:
(619) 202-1234

ADDRESS:
2155 First Avenue

CITY/STATE/ZIP:
San Diego, California 92101

NAMED OF THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICES COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME:
Sweden & Martina Inc.

TELEPHONE NUMBER:
844-862-7846

ADDRESS:
Plaza Tower - Suite 1134, 600 Anton Blvd.

CITY/STATE/ZIP: Costa Mesa, California 92626

NUMBER OF EMPLOYEES:

50+

TYPE OF EMPLOYER:

Business/Private

ADD CO-RESPONDENT:

(Individuals who were involved in this particular complaint):

| NAME/TITLE: | ADDRESS: | TELEPHONE NUMBER: |
|---|---|---|
| Michael Kennedy | Plaza Tower, Suite 1134, 600 Anton Blvd. | 602-312-5538 |
| | Costa Mesa, CA 92626 | |

Do you have an attorney who agreed to represent you in this matter? ☑Yes ☐No

If yes, please provide the attorney's contact information.

Attorney Name: Colette Menaldino

Attorney Firm Name: Gruenberg Law

Attorney Address: 2155 First Avenue

Attorney City, State, and Zip: San Diego, CA 92101

**RECEIVED**

SEP - 5 2017

Department of Fair Employment & Housing
Elk Grove

DATE MOST RECENT DISCRIMINATION TOOK PLACE (Month/Day/Year):

1. I ALLEGE THAT I EXPERIENCED: ☑ Discrimination ☑ Harassment ☐ Retaliation

BECAUSE OF MY ACTUAL OR PERCIEVED:

☐ Age - 40 and over
☐ Ancestry
☐ Association with a member of a protected class
☐ Color
☐ Disability (physical or mental)
☐ Engagement in Protected Activity
☐ Family Care or Medical Leave
☐ Genetic Information (information about genetic tests or participation in clinical research or manifestation of disease)
☐ Marital Status
☐ Medical Condition - Including cancer or cancer related medical condition or genetic characteristics (a gene, chromosome or characteristic not presently associated with symptoms of disease)
☐ National Origin - Includes language use restriction and use and possession of a driver's license issued to persons unable to prove their presence in the U. S. is authorized under federal law
☐ Race
☐ Religion - Includes religious dress and grooming practices
☑ Sex - Gender
☐ Sex - Gender identity or Gender expression
☐ Sex - Includes pregnancy, childbirth, breastfeeding and/or related medical conditions
☐ Sexual Orientation
☐ Other (specify)
☐ Military or Veteran status

AS A RESULT, I WAS:

☐ Asked impermissible non-job-related questions
☐ Demoted
☐ Denied a good faith interactive process
☑ Denied a work environment free of discrimination and/or retaliation
☐ Denied continuation of employer-paid health care coverage while on pregnancy disability leave
☐ Denied employment
☐ Denied equal pay
☐ Denied family care or medical leave
☐ Denied or force to transfer
☐ Denied pregnancy leave
☐ Denied promotion
☐ Denied reasonable accommodation
☐ Denied reinstatement
☐ Denied the right to wear pants
☑ Forced to quit
☐ Laid-off
☐ Terminated
☐ Tested for genetic characteristics
☐ Other (specify)

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it them to be true.

Signature of Complainant or Complainant's Legal Representative:            Date: 9/5/2017

Printed Name:  Colette Menaldino

# DEMOGRAPHIC INFORMATION
THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

Primary Language:

Age:

**GENDER:**

- ☐ Male
- ☐ Female
- ☐ Other

**MARITAL STATUS:**

- ☐ Single
- ☐ Married
- ☐ Cohabitation
- ☐ Divorced

**RACE:**

- ☐ American Indian or Alaskan Native
- ☐ Asian
- ☐ Black or African American
- ☐ Native Hawaiian or Other Pacific Islander
- ☐ White
- ☐ Other

**ETHNICITY:**

- ☐ Hispanic or Latino
- ☐ Non-Hispanic or Latino

**NATIONAL ORIGIN:**

- ☐ Afghani National Origin
- ☐ American [U.S.A] National Origin
- ☐ Asian Indian National Origin
- ☐ Bangladeshi National Origin
- ☐ Cambodian National Origin
- ☐ Canadian National Origin
- ☐ Chinese National Origin
- ☐ Cuban National Origin
- ☐ Dominican National Origin
- ☐ Egyptian National Origin
- ☐ English National Origin
- ☐ Ethiopian National Origin
- ☐ Fijian National Origin
- ☐ Filipino National Origin
- ☐ German National Origin
- ☐ Ghanaian National Origin
- ☐ Guamanian National Origin
- ☐ Haitian National Origin
- ☐ Hawaiian National Origin
- ☐ Hmong National Origin
- ☐ Indonesian National Origin
- ☐ Iranian National Origin
- ☐ Iraqi National Origin
- ☐ Irish National Origin
- ☐ Israeli National Origin

- ☐ Italian National Origin
- ☐ Jamaican National Origin
- ☐ Japanese National Origin
- ☐ Korean National Origin
- ☐ Laotian National Origin
- ☐ Lebanese National Origin
- ☐ Malaysian National Origin
- ☐ Mexican National Origin
- ☐ Nigerian National Origin
- ☐ Other National Origin
- ☐ Other African National Origin
- ☐ Other Asian National Origin
- ☐ Other Caribbean National Origin
- ☐ Other European National Origin
- ☐ Other Hispanic/Latino National Origin
- ☐ Other Middle Eastern National
- ☐ Pakistani National Origin
- ☐ Puerto Rican National Origin
- ☐ Salvadoran National Origin
- ☐ Samoan National Origin
- ☐ Sri Lanka National Origin
- ☐ Syrian National Origin
- ☐ Taiwanese National Origin
- ☐ Thai National Origin
- ☐ Tongan National Origin
- ☐ Vietnamese National Origin

# DEMOGRAPHIC INFORMATION

THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

**DISABILITY:**

☐ Aids
☐ Blood / Circulation
☐ Brain / Nerves / Muscles
☐ Digestive / Urinary / Reproduction
☐ Hearing
☐ Heart
☐ Limbs [ Arms / Legs ]
☐ Mental
☐ Sight
☐ Speech / Respiration
☐ Spinal / Back / Respiration
☐ Other Disability

**RELIGION:**

☐ Agnostic
☐ Atheist
☐ Bahai
☐ Buddhism
☐ Catholicism
☐ Christianity
☐ Confucianism
☐ Hinduism
☐ Islam
☐ Jehovah's Witness
☐ Judaism
☐ Neo-Paganism

☐ Nonreligious
☐ Protestantism
☐ Primal-indigenous
☐ Quakers
☐ Rastafarianism
☐ Spiritism
☐ Shinto
☐ Sikhism
☐ Taoism
☐ Unitarian-Universalism
☐ Zoroastrianism
☐ Other

**EXHIBIT B**

1   ROGERS JOSEPH O'DONNELL
    Dennis C. Huie (State Bar No. 184377)
2   dhuie@rjo.com
    Aaron M. Scolari (State Bar No. 237397)
3   ascolari@rjo.com
4   311 California Street, 10th Floor
    San Francisco, California 94104
5   Telephone: 415.956.2828
    Facsimile: 415.956.6457
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/16/2018** at 03:55:00 PM
Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

7   Attorneys for Defendant
    SWEDEN & MARTINA INC.
8

9         SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| 11  BETH ANN HUTCHISON, an individual, | Case No. 37-2017-00045425-CU-OE-CTL |
| 12         Plaintiff, | **DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** |
| 13    vs. | |
| 14  SWEDEN & MARTINA, INC., an unknown business entity; MICHAEL | |
| 15  KENNEDY, an individual, and DOES 1 through 25, Inclusive, | Complaint Filed: November 28, 2017 |
| 16 | Trial Date:   None |
| 17         Defendants. | |

19       Defendant SWEDEN & MARTINA INC., sued erroneously as Sweden &

20 Martina, Inc., ("Defendant") answers, for itself and no other defendant, the unverified

21 Complaint filed by Plaintiff BETH ANN HUTCHINSON ("Plaintiff") as follows:

22               **GENERAL DENIAL**

23       Pursuant to section 431.30(d) of the California Code of Civil Procedure,

24 Defendant, for itself and no other defendant denies, generally and specifically, each and

25 every allegation and each and every allegation contained in Plaintiff's unverified complaint

26 ("Complaint"). Defendant further denies that Plaintiff has been damaged in any sum or

27 sums, or at all, by reason of any act or omission on the part of Defendant, its agents,

28 employees and/or independent contractors.

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's Complaint fails to allege facts sufficient to constitute a cause of action.

## SECOND DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 335.1, 340(a), 343 and Government Code sections 12960 and 12965.

## THIRD DEFENSE
### (Consent)

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of this Defendant, thus, barring Plaintiff's recovery.

## FOURTH DEFENSE
### (Failure to Mitigate)

Plaintiff failed to take reasonable efforts to mitigate alleged damages, if any, and recovery should not be allowed for damages, if any, that Plaintiff should have foreseen and could have avoided by reasonable effort.

## FIFTH DEFENSE
### (Failure to Sufficiently Exhaust Administrative Remedies)

This court lacks jurisdiction over Plaintiff's Complaint to the extent any cause of action is based on facts, events or allegations that are beyond the scope of any complaint or charge filed by Plaintiff with the Department of Fair Employment and Housing (DFEH) and/or the Equal Employment Opportunity Commission (EEOC).

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

## SIXTH DEFENSE

### (Avoidable Consequences Doctrine)

Defendant took reasonable steps to investigate, prevent and correct alleged workplace harassment, if any; Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and reasonable use of the Defendant's procedures would have prevented at least some of the alleged harm, if any, that Plaintiff allegedly suffered.

## SEVENTH DEFENSE

### (Contributory/Comparative Negligence)

Plaintiff failed to exercise reasonable care and ordinary care, caution or prudence and the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct and therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

## EIGHTH DEFENSE

### (Legitimate Non-Discriminatory Factors)

Plaintiff may not obtain any of the relief requested in her Complaint because any adverse employment action(s) taken against her were based on legitimate, non-discriminatory and non-retaliatory factors unrelated to Plaintiff's purported participation in any alleged protected activity, and were free from unlawful discrimination or retaliation of any kind.

## NINTH DEFENSE

### (Management Discretion)

Any and all conduct of which Plaintiff complains, or which is attributed to Defendant, its employees, or agents was a just and proper exercise of management discretion, and its conduct was at all times privileged and justified, and undertaken for a fair and honest reason other than Plaintiff's gender or sex, or membership in any protected class.

///

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

1
2
3
4
5

### TENTH DEFENSE

(Good Faith)

Any and all conduct of which Plaintiff complains was just and proper exercise of management discretion undertaken for fair and honest reasons and regulated by good faith under the conditions then existing.

### ELEVENTH DEFENSE

(Proximate Cause Lacking)

Defendant's alleged acts or omissions to act, if any, were not the proximate cause of any injury suffered by Plaintiff.

### TWELFTH DEFENSE

(Pre-existing Condition or Alternative Cause)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury they were the result of a pre-existing medical condition or psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### THIRTEENTH DEFENSE

(Labor Code §§ 2854 and 2856)

Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

### FOURTEENTH DEFENSE

(Conduct of Others)

Plaintiff's losses or damages, if any, were caused solely by the negligent, reckless or intentional conduct of persons or entities other than Defendant, for whom Defendant cannot be held vicariously liable or legally responsible, and whose conduct was not known to, or ratified by Defendant. Accordingly, Plaintiff's losses or damages, if any, are barred or diminished to the extent they are attributable to such conduct.

///

///

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

## FIFTEENTH DEFENSE

### (Estoppel)

Plaintiff is estopped based on her own acts or omissions from asserting any claim for damages against Defendant.

## SIXTEENTH DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the defense of waiver.

## SEVENTEENTH DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINETEENTH DEFENSE

### (After Acquired Evidence)

The after acquired evidence doctrine bars Plaintiff's claims and/or limits Plaintiff's ability to recover damages, if any.

## TWENTIETH DEFENSE

### (Workers' Compensation Exclusivity)

Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of Plaintiff's employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, Labor Code §§3200-4627.

## TWENTY-FIRST DEFENSE

### (Set-Off)

Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

plans of Defendant, for injuries or damages alleged in the Complaint, against any award of

damages to Plaintiff in this action.

## TWENTY-SECOND DEFENSE

### (*Kolstad* Defense)

Plaintiff's claim for punitive damages is barred because Defendant had a

policy that specifically forbids sexual harassment against employees, and Defendant

implemented this policy in good faith.

## TWENTY-THIRD DEFENSE

### (Lack of Malice)

Defendant alleges that, assuming, *arguendo*, any conduct alleged by Plaintiff

occurred, such conduct was not the result of purposeful, bad faith, knowing, willful,

intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

## TWENTY-FOURTH DEFENSE

### (Unconstitutionality of Punitive Damages)

Plaintiff's claim for punitive damages is barred to the extent such punitive

damages are unconstitutional under the California and/or the United States Constitutions.

## TWENTY-FIFTH DEFENSE

### (No Attorney's Fees)

Plaintiff's Complaint, and each alleged cause of action therein, fails to state

facts sufficient to support an award of attorney's fees and costs against Defendant.

## TWENTY-SIXTH DEFENSE

### (Alternative Dispute Resolution/Arbitration Agreement)

Plaintiff's Complaint, each purported cause of action, and/or the claims for

damages/punitive damages alleged therein are barred, in whole or in part, on the grounds that

they are subject to an alternative dispute resolution and binding arbitration agreement

between Plaintiff and Defendant.

///

///

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

## TWENTY-SEVENTH DEFENSE

### (Reservation of Defenses)

Defendant may have other separate and/or additional defenses of which it is not aware and hereby reserves the right to assert such defenses by amendment of this answer.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

That Plaintiff takes nothing by way of this Complaint;

1. That the Court dismiss with prejudice Plaintiff's Complaint and each purported cause of action alleged therein;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That the Court award Defendant the cost of suit and attorneys' fees; and

4. That the Court grant such further relief as may be appropriate.


Dated: February 16, 2018          ROGERS JOSEPH O'DONNELL



By: _____
Dennis C. Huie
Aaron M. Scolari
Attorneys for Defendant
SWEDEN & MARTINA INC.

DEFENDANT SWEDEN & MARTINA INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES – Case No. 37-2017-00045425-CU-OE-CTL

449782.1

I, Gloria V. Joyce, state:

My business address is 311 California Street, 10th Floor, San Francisco, CA 94104. I am employed in the City and County of San Francisco where this service occurs or mailing occurred. The envelope or package was placed in the mail at San Francisco, California. I am over the age of eighteen years and not a party to this action. On February 16, 2018, I served the following documents described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope, with the postage prepaid, addressed as follows:

Josh D. Gruenberg, Esq.                 ***Attorneys for Plaintiff***
Colette N. Menaldino, Esq.
GRUENBERG LAW
2155 First Avenue
San Diego, CA 92101-3542
Telephone: (619) 230-1234
Facsimile: (619) 230-1074
Email:  josh@gruenberglaw.com
            colette.menaldino@gmail.com

X    BY FIRST CLASS MAIL:  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.  I sealed said envelope and placed it for collection and mailing on February 16, 2018, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated:  February 16, 2018

                                                    Gloria V. Joyce

Page 8

PROOF OF SERVICE

**EXHIBIT C**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Josh D. Gruenberg, Esq., SBN(163281) / Colette N. Menaldino, Esq. (304745)<br>GRUENBERG LAW<br>2155 First Avenue, San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 230-1234    FAX NO. *(Optional)*: (619) 230-1074<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, BETH HUTCHISON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: BETH HUTCHISON

DEFENDANT/RESPONDENT: SWEDEN & MARTINA, INC., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2017-00045425-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: MICHAEL KENNEDY

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 13, 2018

Gerardo Galaviz
_____                    ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify)*:
   ~~Notice of Case Assignment~~ KKM
   Civil Case Cover Sheet
   ~~Notice of Eligibility to e-file and ADR Packet~~ KKM

*(To be completed by recipient):*

Date this form is signed: 4/27/18

Michael Kennedy
_____                    ▶ Kevin K McQuillen of McQuillan
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                        Law office LLC attorney for
                                                        Michael Kennedy

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | Page 1 of 1 |

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**EXHIBIT D**

ROGERS JOSEPH O'DONNELL
Dennis C. Huie (State Bar No. 184377)
dhuie@rjo.com
Emily A. Wieser (State Bar No. 311315)
ewieser@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendants
SWEDEN & MARTINA INC.
and MICHAEL KENNEDY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| BETH ANN HUTCHISON,<br><br>Plaintiff,<br><br>vs.<br><br>SWEDEN & MARTINA, INC., an unknown business entity; MICHAEL KENNEDY, and individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 37-2017-00045425-CU-OE-CTL<br><br>**DEFENDANT MICHAEL KENNEDY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Date of first filing:    November 28, 2017 |

Defendant MICHAEL KENNEDY ("Defendant") answers, for himself and no other defendant, the unverified Complaint filed by Plaintiff BETH ANN HUTCHINSON ("Plaintiff") as follows:

### <u>GENERAL DENIAL</u>

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant, for himself and no other defendant denies, generally and specifically, each and every allegation and each and every allegation contained in Plaintiff's unverified complaint ("Complaint"). Defendant further denies that Plaintiff has been damaged in any sum or sums, or at all, by reason of any act or omission on the part of Defendant, his agents, employees and/or independent contractors.

Page 1

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE
(Failure to State a Cause of Action)

Plaintiff's Complaint fails to allege facts sufficient to constitute a cause of action.

### SECOND DEFENSE
(Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 335.1, 340(a), 343 and Government Code sections 12960 and 12965.

### THIRD DEFENSE
(Consent)

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of this Defendant, thus, barring Plaintiff's recovery.

### FOURTH DEFENSE
(Failure to Sufficiently Exhaust Administrative Remedies)

This court lacks jurisdiction over Plaintiff's Complaint to the extent any cause of action is based on facts, events or allegations that are beyond the scope of any complaint or charge filed by Plaintiff with the Department of Fair Employment and Housing (DFEH) and/or the Equal Employment Opportunity Commission (EEOC).

### FIFTH DEFENSE
(Avoidable Consequences Doctrine)

Defendant SWEDEN & MARTINA took reasonable steps to investigate, prevent and correct alleged workplace harassment, if any; Plaintiff unreasonably failed to use the preventative and corrective measures that SWEDEN & MARTINA provided; and reasonable use of such procedures would have prevented at least some of the alleged harm, if any, that Plaintiff allegedly suffered.

## SIXTH DEFENSE
### (Contributory/Comparative Negligence)

Plaintiff failed to exercise reasonable care and ordinary care, caution or prudence and the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct and therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

## SEVENTH DEFENSE
### (Legitimate Non-Discriminatory Factors)

Plaintiff may not obtain any of the relief requested in her Complaint because any adverse employment action(s) taken against her were based on legitimate, non-discriminatory and non-retaliatory factors unrelated to Plaintiff's purported participation in any alleged protected activity, and were free from unlawful discrimination or retaliation of any kind.

## EIGHTH DEFENSE
### (Management Discretion)

Any and all conduct of which Plaintiff complains, or which is attributed to Defendant was a just and proper exercise of management discretion, and his conduct was at all times privileged and justified, and undertaken for a fair and honest reason other than Plaintiff's gender or sex, or membership in any protected class.

## NINTH DEFENSE
### (Good Faith)

Any and all conduct of which Plaintiff complains was just and proper exercise of management discretion undertaken for fair and honest reasons and regulated by good faith under the conditions then existing.

## TENTH DEFENSE
### (Proximate Cause Lacking)

Defendant's alleged acts or omissions to act, if any, were not the proximate cause of any injury suffered by Plaintiff.

///

Defendant Michael Kennedy's Answer To Plaintiff's Unverified Complaint For Damages –
Case No. 37-2017-00045425

455705.1

## ELEVENTH DEFENSE
(Pre-existing Condition or Alternative Cause)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury they were the result of a pre-existing medical condition or psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## TWELFTH DEFENSE
(Labor Code §§ 2854 and 2856)

Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

## THIRTEENTH DEFENSE
(Conduct of Others)

Plaintiff's losses or damages, if any, were caused solely by the negligent, reckless or intentional conduct of persons or entities other than Defendant, for whom Defendant cannot be held vicariously liable or legally responsible, and whose conduct was not known to, or ratified by Defendant. Accordingly, Plaintiff's losses or damages, if any, are barred or diminished to the extent they are attributable to such conduct.

## FOURTEENTH DEFENSE
(Estoppel)

Plaintiff is estopped based on her own acts or omissions from asserting any claim for damages against Defendant.

## FIFTEENTH DEFENSE
(Waiver)

Plaintiff's claims are barred, in whole or in part, by the defense of waiver.

## SIXTEENTH DEFENSE
(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

///

## SEVENTEENTH DEFENSE
(Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH DEFENSE
(After Acquired Evidence)

The after acquired evidence doctrine bars Plaintiff's claims and/or limits Plaintiff's ability to recover damages, if any.

## NINETEENTH DEFENSE
(Workers' Compensation Exclusivity)

Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of Plaintiff's employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, Labor Code §§3200-4627.

## TWENTIETH DEFENSE
(Set-Off)

Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of her employer, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## TWENTY-FIRST DEFENSE
(Lack of Malice)

Defendant alleges that, assuming, *arguendo*, any conduct alleged by Plaintiff occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

## TWENTY-SECOND DEFENSE
(Unconstitutionality of Punitive Damages)

Plaintiff's claim for punitive damages is barred to the extent such punitive damages are unconstitutional under the California and/or the United States Constitutions.

///

## TWENTY-THIRD DEFENSE
### (No Attorney's Fees)

Plaintiff's Complaint, and each alleged cause of action therein, fails to state facts sufficient to support an award of attorney's fees and costs against Defendant.

## TWENTY-FOURTH DEFENSE
### (Alternative Dispute Resolution/Arbitration Agreement)

Plaintiff's Complaint, each purported cause of action, and/or the claims for damages/punitive damages alleged therein are barred, in whole or in part, on the grounds that they are subject to an alternative dispute resolution and binding arbitration agreement.

## TWENTY-FIFTH DEFENSE
### (Reservation of Defenses)

Defendant may have other separate and/or additional defenses of which it is not aware and hereby reserves the right to assert such defenses by amendment of this answer.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

That Plaintiff takes nothing by way of this Complaint;

1. That the Court dismiss with prejudice Plaintiff's Complaint and each purported cause of action alleged therein;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That the Court award Defendant the cost of suit and attorneys' fees; and

4. That the Court grant such further relief as may be appropriate.

Dated:   May 4, 2018                           ROGERS JOSEPH O'DONNELL



By: _____
        DENNIS C. HUIE
        EMILY A. WIESER

        Attorneys for Defendants
        SWEDEN & MARTINA INC. AND
        MICHAEL KENNEDY

*Beth Ann Hutchinson v. Sweden & Martina, Inc. et al.*
San Diego Superior Court No.: 37-2017-00045425-CU-OE-CTL

I, Kate A. Christensen, state:

My business address is 311 California Street, 10th Floor, San Francisco, CA 94104. I am employed in the City and County of San Francisco where this service occurs or mailing occurred. The envelope or package was placed in the mail at San Francisco, California. I am over the age of eighteen years and not a party to this action. On May 4, 2018, I served the following documents described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope, with the postage prepaid, addressed as follows:

Josh D. Gruenberg, Esq.                    ***Attorneys for Plaintiff***
Colette N. Menaldino, Esq.
GRUENBERG LAW
2155 First Avenue
San Diego, CA 92101-3542
Telephone: (619) 230-1234
Facsimile: (619) 230-1074
Email:   josh@gruenberglaw.com
         colette.menaldino@gmail.com

X      BY FIRST CLASS MAIL:  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.  I sealed said envelope and placed it for collection and mailing on May 4, 2018, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: May 4, 2018

Kate A. Christensen